*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHAWN REIM,

          Plaintiff/Counterdefendant-Appellant,

v

MT. PLEASANT ABSTRACT AND TITLE, INC.,

          Defendant/Counterplaintiff/Cross-
          Plaintiff,

and

VICTORIA MONROE and HOPE LENDZION,

          Defendants/Cross-Defendants,

and

RENEE HICKEY-NIEZGODA,

          Defendant/Cross-Defendant-Appellee.

UNPUBLISHED
October 13, 2022

No. 359162
Isabella Circuit Court
LC No. 2020-016488-CZ

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

Plaintiff Shawn Reim appeals by right the trial court's order final order granting in part and denying in part defendant Mt. Pleasant Abstract and Title, Inc.'s (MPAT) motion for interpleader. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of a previously-litigated land contract dispute. In 2010, defendant Victoria Monroe and plaintiff entered into a contract in which plaintiff agreed to purchase a parcel of real property that included a mobile home. Plaintiff defaulted on his monthly payments under the contract, and Monroe, represented by defendant Renee Hickey-Niezgoda, filed a complaint for

the unpaid balance. A jury returned a verdict in favor of Monroe, and the trial court ordered that title to the mobile home be delivered to plaintiff upon full payment of the judgment against him. Plaintiff paid the judgment funds into an escrow account held by MPAT, after which Hickey-Niezgoda filed an attorney charging lien against the escrow funds.

On September 8, 2020, plaintiff filed a complaint against Hickey-Niezgoda, Monroe, MPAT, and defendant Hope Lendzion. Plaintiff alleged that by placing the outstanding funds in escrow, plaintiff satisfied the terms of the judgment and was entitled to receive title to the mobile home, which Monroe allegedly failed to deliver. Plaintiff further alleged that the attorney charging lien should be deemed null and void because Hickey-Niezgoda's attorney fees were unreasonable and inaccurate.

Plaintiff subsequently filed an amended complaint, which removed Monroe as a defendant[1] and included additional allegations against Hickey-Niezgoda, including assertions that her unclean hands disqualified her from asserting a claim to the escrow funds. Although she answered the original complaint, Hickey-Niezgoda did not file an answer to plaintiff's amended complaint, resulting in a default.

Hickey-Niezgoda moved to set aside the order of default under MCR 2.603 and MCR 2.612, which the trial court granted. Hickey-Niezgoda also sought summary disposition of the amended complaint, arguing that plaintiff failed to state a claim because plaintiff's sole allegation that she acted with unclean hands was not a cause of action, plaintiff lacked standing to assert a claim regarding the escrow funds, and plaintiff's claim was barred by the doctrines of collateral estoppel and res judicata.

The trial court granted Hickey-Niezgoda's motion, concluding that plaintiff lacked standing because the legitimacy of the attorney lien was an issue between Hickey-Niezgoda and Monroe. Thus, because plaintiff lacked standing to challenge the lien, he failed to establish a legal claim to the funds. The trial court also denied plaintiff's motion to amend the complaint on the basis that any amendment would be futile.

## II. DISCUSSION

Plaintiff raises no fewer than 11 issues on appeal, including arguments relating to the trial court's decisions to set aside the default, to grant Hickey-Niezgoda's motion for summary disposition, and to deny plaintiff's request to amend the complaint. However, in our view, the only relevant question in the case is whether plaintiff has standing to assert claims against Hickey-Niezgoda with respect to the attorney charging lien. We agree with the trial court that plaintiff lacks standing to challenge the lien.

The question of whether a party has standing is reviewed by this Court de novo. *LeFever v Matthews*, 336 Mich App 651, 661; 971 NW2d 672 (2021). "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be

---

[1] Monroe was dismissed for failure to properly serve her with the complaint.

sought or granted." MCR 2.605(A)(1). "MCR 2.605 does not limit or expand the subject-matter jurisdiction of the courts, but instead incorporates the doctrines of standing, ripeness, and mootness." *UAW v Central Mich Univ Trustee*s, 295 Mich App 486, 495; 815 NW2d 132 (2012). "An 'actual controversy' under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights. The requirement prevents a court from deciding hypothetical issues." *Id*. "The essential requirement of an 'actual controversy' under the rule is that the plaintiff pleads and proves facts that demonstrate an adverse interest necessitating the sharpening of the issues raised." *Id*. (quotation marks and citation omitted).

A charging lien is "an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *Dunn v Bennett*, 303 Mich App 767, 778; 846 NW2d 75 (2013) (quotation marks and citation omitted). "The charging lien creates a lien on a judgment, settlement, or other money recovered as a result of the attorney's services." *Souden v Souden*, 303 Mich App 406, 411; 844 NW2d 151 (2013) (quotation marks and citation omitted). Such liens exist "as part of the court's inherent power to oversee the relationship of attorneys, as officers of the court, with their clients" and, as such, an attorney's charging lien "is subject to the control of the court for the protection of the client and third parties as well[.]" *Id*. (quotation marks and citation omitted).

Plaintiff argues that this Court's opinion in *Souden* stands broadly for the proposition that third parties have standing to challenge litigants who seek equitable remedies and, more specifically, that third parties may challenge an attorney charging lien. In our view, it stands for neither proposition. The relevant issue in *Souden* was whether the divorce court had subject-matter jurisdiction to resolve a dispute over an attorney charging lien filed by an attorney to one party to the divorce proceedings against that party's proceeds in the divorce settlement. *Id*. at 410-412. In a limited sense, the attorney in *Souden* was a third party relative to the underlying divorce proceedings but, importantly, was not a third party as it related to *his lien* against *his client's* divorce proceeds—the actual subject of the dispute. Thus, we reject plaintiff's characterization that *Souden* allows a third party, such as himself, to challenge the propriety of an attorney charging lien, and we are not aware of any other authority supporting plaintiff's position.

Plaintiff failed to perfect service of the complaint on Monroe, the only party with whom he had a potentially meritorious claim. Plaintiff's attempts to circumvent this error by asserting claims against Hickey-Niezgoda, with whom he has no relationship, are unfounded. There is no actual controversy between plaintiff and Hickey-Niezgoda, and plaintiff lacks standing to challenge her lien against the escrow funds. Thus, the trial court did not err when it granted Hickey-Niezgoda's motion to set aside the default and motion for summary disposition.[2]

---

[2] In Hickey-Niezgoda's brief on appeal, she asks this Court to award her actual and punitive damages under MCR 7.216 for plaintiff's purportedly vexatious litigation strategies. We have held, however, that "MCR 7.216(C)(1) indicates that a motion for sanctions must be filed pursuant to MCR 7.211(C)(8), and MCR 7.211(C)(8) provides that a request for sanctions must be made by motion, not in a brief." *Bonkowski v Allstate Ins Co*, 281 Mich App 154, 182; 761 NW2d 784 (2008); see also MCR 7.211(C)(8)("A request that is contained in any other pleading, including a

Affirmed. Hickey-Niezgoda, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron

---

brief filed under MCR 7.212, will not constitute a motion under this rule."). Because Hickey-Niezgoda did not file a motion for sanctions, the request is not properly before the Court.